UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF TICKET
BROKERS,

    Plaintiff,

      v.

BOTIXX, INC.,

    Defendant

Civil Action No. 04–1655 (CKK)

**MEMORANDUM OPINION**
(November 1, 2006)

    Presently before the Court is the National Association of Ticket Brokers' ("NATB")
request for an award of attorneys' fees under the Lanham Act, 15 U.S.C. § 1051, *et seq*.  Default
Judgment was entered against Defendant, Botixx, Inc., ("Botixx") on December 30, 2004.
Plaintiff's Supplemental Brief in Support of its Request for Attorneys' Fees ("Supplemental
Brief"), filed January 10, 2005, is now under consideration with respect to the following two
issues: (1) the instant circuit's standard of conduct applicable to determinations of whether
exceptional circumstances exist justifying an award of attorneys' fees under the Lanham Act, 15
U.S.C. § 1117(a); and (2) whether an attorneys' fees award is appropriate under the Lanham Act
in the context of a default judgment.

**I:  BACKGROUND**

    Plaintiff filed this suit in response to Defendant Botixx's alleged misappropriation of
NATB's trademark on its website.  Based on claims that Defendant used NATB's trademark
while not being a member of NATB, Plaintiff alleged that Defendant violated the Lanham Act,

15 U.S.C. § 1125(a), and copyright laws.  Compl. ¶¶ 14-27.  After being properly served on

October 7, 2004, Defendant failed to respond to the Complaint.  Pursuant to Federal Rule of

Civil Procedure 55(a), the Clerk's Office entered a default against Botixx on December 3, 2004.

Following the entry of default, Plaintiff filed a Motion for Default Judgment on

December 7, 2004, requesting that the Court both permanently enjoin Defendant from

misappropriating Plaintiff's trademark and award Plaintiff costs and attorneys' fees.  Plaintiff

stated that it incurred $386.85 in costs and $4,210.00 in legal fees associated with this lawsuit.

Pl.'s Mot. for Default J., Ex. 1 (Aff. of Gary C. Adler).

In support of this Motion, Plaintiff represented that "[t]he deliberate and willful nature

of Defendant's conduct" entitles it to attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a).

Pl.s' Mot. for Default J. ¶ 5.  In asserting its claim, Plaintiff relied solely upon J. Thomas

McCarthy's treatise on trademark law, *McCarthy on Trademarks and Unfair Competition*.  *See*

Pl.'s Mot. for Default J. ¶ 5.  Thus, Plaintiff's support for the requested reward employed no case

law from this circuit, nor any federal court.

In response to the Motion for Default Judgment, the Court issued an Order on December

30, 2004, entering Default Judgment against Defendant, permanently enjoining Defendant from

employing Plaintiff's trademark or otherwise representing it is associated with Plaintiff, and

awarding Plaintiff costs in the amount of $386.85.  However, the Court elected to reserve

decision on Plaintiff's request for attorneys' fees until being further briefed on the issue of

attorneys' fees.  Specifically, this Court asked that Plaintiff brief the Court on 1) the instant

circuit's standard of conduct applicable to determinations of whether exceptional circumstances

exist justifying an award of attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a); and (2)

2

under the Lanham Act, whether an attorneys' fees award is appropriate in the context of a default judgment.

In its Supplemental Brief, Plaintiff asserts that (1) federal courts have found that attorneys' fees awards are appropriate under the Lanham Act in the context of a Default Judgment, and (2) attorneys' fees may be awarded in the United States Court of Appeals for the District of Columbia based upon conduct involving either willfulness or bad-faith. Furthermore, in light of its additional expenses in producing the Supplemental Brief, Plaintiff requests an additional $375.00 in costs and $2,015.00 in attorneys' fees. Suppl. Brief at 4 n.3.

## II. LEGAL STANDARD & DISCUSSION

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Thus, as the statute indicates, this determination is squarely within this Court's discretion. *See id.* (providing that courts "may award" such fees).

> A.    *An Award of Attorneys' Fees May Be Appropriate in the Context of Default Judgment under the Lanham Act*

Before addressing the substance of Plaintiff's request for attorneys' fees, it must be determined whether it is ever appropriate to award attorneys fees in the context of a default judgment. Presently, no published opinions from the instant circuit nor district court[1] have ruled upon the appropriateness of awarding attorneys' fees under the Lanham Act in the context of a default judgment. However, as discussed by Plaintiff in its Supplemental Brief, there is ample

---

[1]  An unpublished opinion from the United States District Court for the District of Columbia awarded attorneys' fees under the Lanham Act after a defendant defaulted. *See Hewlett-Packard Co. v. HP Resales*, 1994 WL 499065, *3 (D.D.C. 1994) (awarding attorneys' fees based on a defaulting defendant's willful infringement).

support for this proposition outside of this jurisdiction.  *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022–23 (9th Cir. 2002) (holding that the Court's default judgment against the defendant amounted to a determination that plaintiff's allegations of willfulness were true, thus making plaintiff eligible to recoup attorneys' fees under the Lanham Act); *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852–54 (2d Cir. 1995) (affirming an attorneys' fees award involving willful infringement and a defaulting defendant); *see also American Appraisal Assocs., Inc. v. West*, 2006 WL 724547, *1-2 (M.D. Tenn. 2006) (awarding attorneys' fees in the context of a default judgment by accepting the plaintiffs willful infringement allegations as true); *Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc,*, 2006 WL 728407, *7 (S.D.N.Y. 2006) ("the defendant's infringement has been deemed willful by virtue of its default in this action."); *Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213, 1222 (S.D. Fla. 2004) (finding willful infringement in the context of a defendant's default where after receiving notice of infringement, the defendant continued his infringing conduct); *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 663 (S.D. Cal. 1997) (finding a defaulting defendant's failure to appear to constitute an exceptional case); *Lien v. Compusoft of Kalamazoo, Inc.*, 1991 U.S. Dist. LEXIS 3218, *13 (W.D. Mich. 1991) (same).

Some of the aforementioned cases even determined that a defendant's defaulting conduct in the context of the Lanham Act inherently constitutes an "exceptional case."  *See, e.g.*, *Taylor Made Golf Co*., 175 F.R.D. at 663 ("[A] case may be considered 'exceptional' where the defendant disregards the proceedings and does not appear."); *Compusoft of Kalamazoo*, 1991 U.S. Dist. LEXIS 3218 at *13 ("[G]iven defendant's total disregard of these proceedings and the underlying legal claims of trademark infringement at issue, this case is exceptional.").  Other

jurisdictions require a separate determination of whether a case is exceptional pursuant to the standard for "exceptional case" employed by that circuit, but do not prohibit such an award on the basis of default. *See, e.g.*, *Brand v. NCC Corp.*, 540 F. Supp. 562, 565 (E.D. Pa. 1982) (refusing to award attorneys' fees when a defendant strategically defaulted, but did not engage in culpable infringement). Even in jurisdictions where culpable defendant conduct is a prerequisite to an award of attorneys' fees under the Lanham Act, courts have still granted fee awards in the context of a defendant's default judgment. *See, e.g.*, *Choice Hotels Int'l, Inc. v. Pennave Assocs.*, 159 F. Supp. 2d 780, 786 (E.D. Pa. 2001). *But see Ardex Labs., Inc. v. Cooperider*, 319 F. Supp. 2d 507, 509 (E.D. Pa. 2004) (recognizing *Choice Hotels*, but refusing to award a plaintiff fees from a defaulting defendant where the defendant's conduct was not culpable).

Accordingly, this Court shall adopt the view that where the Court is otherwise presented with an exceptional case sufficient to award attorney's fees under the Lanham Act, there is no reason why a defendant's default would bar this recovery. Therefore, in an appropriate "exceptional case," to be determined via the standard applicable in this circuit, it is acceptable in the context of a default judgment to award the plaintiff attorneys' fees.

B.     *What Constitutes an "Exceptional Case" under the Lanham Act*

Congress has provided very little guidance as to what constitutes an "exceptional" case under this provision of the Lanham Act. *See Noxell Corp.* v *Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 526 (D.C. Cir. 1985) ("Congress did not essay in the Lanham Act's text or related commentary precise definition of cases qualifying as 'exceptional' for fee award purposes."). However, the United States Court of Appeals for the District of Columbia determined that "exceptional cases" under the Lanham Act's attorneys' fee provision are those "involving willful

5

or bad-faith conduct by the defendant." *Alpo Petfoods, Inc. v. Ralston Purina Co.*, 913 F.2d 958, 971 (D.C. Cir. 1990). *See also Newborn v. Yahoo!, Inc.*, 437 F. Supp. 2d 1, 7–8 (D.D.C. 2006) (denying an award of attorneys' fees where there was neither a showing of willfulness nor bad-faith).

    C.    *Analysis of Defendant's Conduct*

        Based upon the unchallenged allegations raised by Plaintiff, this Court concludes that Defendant willfully misappropriated NATB's trademark. "Willful" is defined by *Black's Law Dictionary* as "[v]oluntary and intentional, but not necessarily malicious." *Black's Law Dictionary* 1630 (8th ed. 2004). In the matter presently before the Court, Defendant acknowledged to Plaintiff that it was not a member of NATB, that it had no right to use NATB's trademark, and that it had no right to represent itself as an NATB member. Compl. ¶ 11. Moreover, after promising twice that it would cease to use NATB's trademark, Defendant continued its infringing conduct. Compl. ¶¶ 11–13. Finally, throughout the period when Defendant recognized it was in violation of the Lanham Act, Defendant continued to use NATB's trademark and only ceased to employ the trademark *after* being served with a complaint. Pl.'s Mot. for Default J. ¶ 3–5. This conduct demonstrates that Defendant was willfully misusing Plaintiff's trademark through conduct that was expressly contrary to the demands of its rightful owner. In addition, Defendant has not disputed these claims nor appeared in court to address them; acting in a manner that some courts have viewed as exceptional in and of itself. *See Taylor Made Golf Co.*, 175 F.R.D. at 663. Therefore, Defendant's willful conduct makes this case exceptional, providing a sufficient basis to award Plaintiff attorneys' fees under the Lanham Act.

While this circuit only requires either willful *or* bad-faith conduct to sustain an attorneys' fees award, Lanham Act decisions in other jurisdictions expressly require "culpable conduct." *Compare Alpo Petfoods*, 913 F.2d at 971 (requiring either willful or bad-faith conduct to sustain an attorneys' fee award under the Lanham Act), *with Brand*, 540 F. Supp. 2d at 565 (requiring malicious or fraudulent conduct). Here, the Court concludes that Defendant's willful infringement of NATB's trademark—contrary to representations made to Plaintiff that it would discontinue infringement—was also in bad-faith. *See, e.g.*, *Black's Law Dictionary* 134 (8th ed. 2004) (defining "bad faith" to be "[d]ishonesty of belief or purpose"); 37 Am Jur. 2d *Fraud and Deceit* § 3 (2006) (defining "bad faith" to constitute "affirmatively operating with a furtive design"); *see also, e.g.*, *Colby v. Riggs Nat. Bank*, 92 F.2d 183, 194 (D.C. Cir. 1937) ("[B]ad faith[] means . . . acts done dishonestly."). In any event, Plaintiff's unrefuted allegations provide sufficient basis for this Court to conclude that Defendant's conduct represents an "exceptional case" under the Lanham Act. The Court furthermore finds Plaintiff's request for attorneys' fees to be "reasonable" pursuant to 15 U.S.C. § 1117(a), and as such shall award Plaintiff $4,210.00 in attorneys' fees for legal work performed prior to Plaintiff's filing of its Supplemental Brief, and an additional $2,015.00 in attorneys' fees for legal work performed with respect to the Court-requested Supplemental Brief. Based on the reasoning set forth in the Court's Order and Memorandum Opinion of December 30, 2004, the Court shall also award additional costs to Plaintiff in the amount of $375.00 with respect to the Supplemental Brief (in addition to the $386.85 in costs already awarded to Plaintiff for prior work in this case).

**III: CONCLUSION**

Based upon the foregoing, it is clear that an award of attorneys' fees under the Lanham Act is appropriate in the context of the default judgment.  Therefore, given the willful and bad faith misappropriation of Plaintiff's trademark by the defaulting Defendant, there is more than sufficient basis to award the Plaintiff the requested amount of reasonable attorneys' fees.  An appropriate Order accompanies this Memorandum Opinion.


Date:   November 1, 2006

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge